## STATE OF OREGON,
*Respondent,*

*v.*

## HARVEY WAYNE BUCHE,
*Appellant.*

(54125 S; CA A43030)

742 P2d 1196

William Uhle, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He assigns as error the denial of his motion to exclude from evidence a certificate attesting to the accuracy of an Intoxilyzer machine used to measure his blood alcohol content.[1] We affirm.

A state police expert testified that an equilibrator solution is necessary to test the accuracy of the Intoxilyzer machine. The equilibrator solution can be preserved for future retesting. Here the solution was not preserved. The essence of defendant's argument is that, if he had had access to the solution and if he could have established that it was impure or defective, he would have been able to exclude the Intoxilyzer result from the evidence. He contends that, because the state destroyed the solution before he could inspect it, he was denied a fair trial.

He relies on *State v. Michener* 25 Or App 523, 550 P2d 449, *rev den* 276 Or 211 (1976), where we held that it was a denial of due process for the state to destroy a breathalyzer test ampule and then introduce the breathalyzer test result as evidence of intoxication when there was a "reasonable possibility, based on concrete evidence rather than a fertile imagination" that the test ampule would be favorable to the defendant. 25 Or App at 532.[2] *Michener* is wholly inapposite.

Unlike the issue in *Michener,* the legislature has addressed the issue of Intoxilyzer certification. The state police are required to test and certify breath testing equipment "at intervals of not more than 90 days." The certification must be conducted by "trained technicians." ORS 813.160(1)(b)(C). The state police have adopted certification regulations. *See* OAR 257-30-035. If those procedures are not followed, the breath test result is not valid under ORS 813.300. ORS 813.160(1). If the statutes and regulations are

---

[1] Defendant's other assignments of error lack merit.

[2] The solution at issue here is very different from the breathalyzer test ampule at issue in *Michener.* The ampule is a sample of a suspect's breath taken in connection with his arrest and may contain evidence of intoxication. The equilibrator solution, however, is a control used to test the accuracy of the Intoxilyzer. It contains only chemicals (that is, no breath sample) and is used only by the technician who certifies the machine.

complied with, the certification process is complete and is not subject to challenge. The state police need not preserve the equilibrator solution to ensure a defendant a fair trial.

Affirmed.